IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUTO CLUB FAMILY INSURANCE COMPANY,           )<br>                                )<br>            Plaintiff,         )<br>                                )       CIVIL ACTION<br>v.                              )<br>                                )       No: 11-2079-GLR<br>ELAINE ALLGOOD, et al.,         )<br>            Defendants.         )   | |

**MEMORANDUM AND ORDER**

Before the Court is a Motion for Leave to Take Depositions After the Deadline for Discovery (ECF No. 30), filed by Plaintiff Auto Club Family Insurance Company on November 28, 2011. Plaintiff seeks leave to depose Defendants Elaine Allgood and Jerri Allgood outside the discovery deadline. Defendants oppose the motion.[1] Plaintiff has filed a reply brief.[2] The motion is ripe for ruling. For the reasons stated herein, the Court denies the motion.

**I.    Background**

In August 2009, Plaintiff issued an insurance policy for property owned by Defendants. In November 2009, two fires damaged the property. On May 26, 2010, Plaintiff examined Defendants under oath.[3] On February 10, 2011, Plaintiff filed this action seeking a declaration that Defendants are not entitled to payment under the insurance policy for their loss due to their intentional acts and/or misrepresentations.[4] The next month, Defendants filed an answer and asserted a counterclaim for breach of contract.[5] In initial disclosures dated May 27, 2011, Defendants identified themselves

---

[1] *See* Mem. Opp'n (ECF No. 32).

[2] *See* Reply (ECF No. 33).

[3] *See* Exs. 1 and 2 attached to Mem. Opp'n Mot. Summ. J. (ECF No. 31-1 and 31-2).

[4] *See* Compl. (ECF No. 1).

[5] S*ee* Answer & Counterclaim (ECF No. 5).

and Kent Gilmore as witnesses who may have pertinent information.[6] On June 2, 2011, the Court entered the governing scheduling order in this case – setting a deadline of October 31, 2011 for completeion of discovery and May 8, 2012 for trial.[7] On August 17, 2011, Plaintiff deposed Gilmore.[8]

Defendants moved for summary judgment on October 27, 2011.[9] Plaintiff then filed a motion to amend the scheduling order, including extending the October 31, 2011 discovery deadline.[10] Plaintiff did not suggest any need for depositions against the Defendants' dispositive motion. It merely stated that it "may also seek additional discovery by way of deposition."[11] The Court denied that motion for failure to show good cause.[12] Plaintiff then filed the motion now before the Court.

## II. Applicable Law

Plaintiff invokes no particular rule or authority for its motion.[13] It does attempt to show good cause for the requested leave.[14] Although stating that it "does not seek to change any of the

---

[6] *See* Mem. Opp'n Mot. Am. Scheduling Order (ECF No. 26) at 1-2 (incorporated by reference into Mem. Opp'n).

[7] *See* Scheduling Order (ECF No. 12).

[8] *See* Tr. Dep. Gilmore, attached as Ex. 3 to Mem. Opp'n Mot. Summ. J. (ECF No. 31-3).

[9] *See* Mot. Summ. J. (ECF No. 24).

[10] *See* Mot. Am. Scheduling Order (ECF No. 25).

[11] *Id.* at 1-2.

[12] *See* Order (ECF No. 29).

[13] *See generally* Mot. at 1-3.

[14] *See id.* at 2-3.

deadlines set forth in the Court's Scheduling Order,"[15] it nevertheless seeks to extend or re-open the discovery deadline to allow the requested depositions. Because the discovery deadline expired before Plaintiff filed its motion, it must show excusable neglect to obtain an extension of the deadline.[16] Rule 16(b)(4), furthermore, requires a showing of good cause to modify the scheduling order.

"Excusable neglect" is an "elastic concept", which "is not limited strictly to omissions caused by circumstances beyond the control of the movant."[17] The concept is "primarily an equitable one."[18] Whether neglect will be considered "excusable" is an equitable determination that requires consideration of "all relevant circumstances surrounding the party's omission."[19] Relevant circumstances include "the danger of prejudice" to the opposing party, "the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[20]

Under Rule 16(b)(4), a court's scheduling order may only be modified "for good cause and with the judge's consent." Without a showing of good cause for an untimely deposition, the

---

[15]*Id.* at 3.

[16]*See* Fed. R. Civ. P. 6(b). Likewise, D. Kan. Rule 6.1(a) provides that "[a]bsent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."

[17]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993).

[18]*Outley v. Coca Cola Enters., Inc.*, No. 97-2056-GTV, 1998 WL 118070, at *2 (D. Kan. Mar. 11, 1998).

[19]*Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

[20]*Id.*

3

proposed deponent is generally entitled to protection against the deposition.[21]  "Good cause, within the meaning of Fed. R. Civ. P. 16(b), primarily considers the diligence of the party seeking to alter the existing schedule."[22]  To establish good cause under Rule 16(b), the moving party must show that "it could not have reasonably met the scheduled deadline[]" even had it acted with due diligence.[23]  This compels more than showing "excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[24]  Neither an absence of prejudice nor carelessness provides a basis for finding good cause.[25]  The movant "is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[26]  Whether a party has established good cause to modify a deadline under Rule 16(b)(4) lies within the court's discretion.[27]

### III. Analysis

To show good cause for deposing Defendants out of time, Plaintiff states that the prior sworn examinations are insufficient, because at the time of the examinations (1) no litigation had commenced; (2) no counterclaim required deposition; (3) it had no phone records of Defendants; and

---

[21]*Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-KHV, 1999 WL 66216, at *1 (D. Kan. Feb. 8, 1999).

[22]*Id.* (quoting *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[23]*Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (quoting *Deghand*, 904 F. Supp. at 1221).

[24]*Id.* (quoting *Broitman v. Kirkland (In re Kirkland )*, 86 F.3d 172, 175 (10th Cir. 1996)).

[25]*Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998).

[26]*Deghand*, 904 F. Supp. at 1221.

[27]*See Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

(4) Gilmore would not cooperate.[28]  It further states that (5) it wants to use recently provided medical records of Jerri Allgood at the requested depositions, (6) it has still not received Gilmore's phone records, and (7) it wants to cross-examine Defendants about testimony provided in their affidavits submitted with the motion for summary judgment.[29]  Lastly, it argues that the late depositions will cause no undue prejudice because the trial date is not until May 2012.[30]

In this case, there is no apparent danger of prejudice to Defendants should the Court grant the requested leave, fairly minimal delay in seeking leave, and limited, if any, potential impact on judicial proceedings.  Nothing before the Court, furthermore, suggests that Plaintiff has acted in bad faith.  While those matters may favor finding excusable neglect, Plaintiff does not even argue that its delay or inaction is excusable.  As discussed more fully below, moreover, the reasons for the delay in conjunction with other relevant circumstances cut against finding excusable neglect.  To show good cause, moreover, requires more than showing excusable neglect.

Plaintiff's first four stated reasons provide no excuse for not deposing Defendants within the time allotted for discovery.  Plaintiff commenced this action more than eight months before the deadline passed.  Just over a month later, Defendants filed their answer and counterclaim.  Defendants have stated without opposition that Plaintiff had their phone records "long before this litigation was initiated."[31]  No later than May 2011, Plaintiff knew that Gilmore may have relevant information.  In August 2011, it deposed him.  By that time, Plaintiff had sufficient information

---

[28]Mot. at 2.

[29]*Id.* at 2-3.

[30]*Id.* at 3.

[31]*See* Mem. Opp'n Mot. Leave at 2 (making statement); Reply at 1-3 (showing no opposition).

5

about its complaint, Defendant's counterclaim and phone records, and Gilmore's testimony to determine whether depositions of Defendants were warranted. At that point – if not before – it was entirely within the control of Plaintiff to pursue depositions of Defendants. Its four proffered reasons do not meet the burden to show that with diligence it could not have reasonably met the deadline. To the contrary, the stated reasons suggest that Plaintiff had ample time to depose Defendants before the deadline.

Plaintiff also relies on recently received medical records to excuse its failure to depose Defendants before the discovery deadline. Plaintiff did not seek authorization for the records, however, until October 17, 2011. Defendants executed and returned the authorization to Plaintiff within a week. It states it recognized a need for the medical records after deposing Gilmore.[32] Yet it waited two months to seek an authorization. It had sufficient information to pursue the medical records earlier. It has provided no sufficient excuse for not doing so. The alleged lack of medical records create no reasonable excuse for delaying the depositions beyond the discovery deadline.

Plaintiff identifies only two reasons that were arguably outside its control – the inability to obtain Gilmore's phone records and the submission of summary judgment affidavits. But it does not explain how or why these documents warrant the late deposition of Defendants or why Plaintiff could not have timely moved to extend the deadline. Although it quickly sought such an extension after Defendants moved for summary judgment, it did not mention the affidavits or phone records as grounds for its motion to extend. Its response, moreover, says nothing about any need for further discovery to support its opposition to the dispositive motion.[33] At this point, it is simply speculative

---

[32]*See id.* at 2.

[33]*See generally*, Mem. Opp'n Mot. Summ. J. (ECF No. 31). Rule 56(d) (formerly 56(f) of the Federal Rules of Civil Procedure provides a mechanism for opposing summary judgment when additional discovery is necessary. *See Danaher v. Wild Oats Markets, Inc.*, 779 F. Supp. 2d 1198,

that the phone records provide any basis to warrant testimony about them from Defendants. As for the submitted affidavits, Plaintiff identifies nothing from their content that would warrant a late deposition. Even if these matters were outside Plaintiff's control, other relevant circumstances make them an insufficient excuse for the failure to depose Defendants before the discovery deadline expired or to seek a timely extension on those grounds within the deadline.

The Court finds no reasonable excuse for having delayed the requested depositions beyond the discovery deadline set by the Scheduling Order. Plaintiff argues an absence of prejudice to Defendants. But that is just one factor to consider for excusable neglect, and a lack of prejudice does not by itself equate with good cause. That trial is five months away is likewise not determinative. Considering all relevant circumstances, the Court does not find excusable neglect to justify extending the discovery period for the requested depositions. And Plaintiff has simply not demonstrated good cause to modify the scheduling order.[34] The Court, therefore, denies the Motion for Leave to Take Depositions After the Deadline for Discovery (ECF No. 30).

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 8th day of December, 2011.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
United States Magistrate Judge

---

1206 (D. Kan. 2011).

[34] The Court notes that Fed. R. Civ. P. 26(b)(2)(C) requires it to limit otherwise permissible discovery when "the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action." This rule also supports denying the motion.