IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUTO CLUB FAMILY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 11-CV-2079-GLR |
| vs. | ) ) |
| ELAINE ALLGOOD, et al. | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed this action for a declaration that Defendants are not entitled to insurance benefits for a fire loss to their residential property. Plaintiff contends Defendants intentionally caused the loss. Defendants have asserted a counterclaim for breach of contract.[1] They seek compensation for the structural damage to their house and for loss of personal property.[2] Before the Court is a Motion to Amend Pretrial Order (ECF No. 38). Defendants seek to amend the pretrial order to include the following damage claim: "Loss of use - Additional Living Expense/Fair Rental Value - $875.00 per month from November 6, 2009 through the date the claim is paid. ($21,875.00 through December 6, 2011)." Plaintiff opposes the proposed amendment. For the reasons set out below, the motion is granted.

**I.      Background**

The complaint shows that the policy provides coverage for loss of use.[3] In their counter-claim, Defendants state: "Plaintiff is indebted to [them] pursuant to the terms of the policy for all

---

[1] Pretrial Order (ECF No. 37) ¶ 2.

[2] *See id* ¶ 10(b).

[3] Compl. (ECF No. 1) ¶¶ 8-9.

damages they sustained in the subject fire."[4]  They initially prayed "for judgment against Plaintiff on their Counterclaim in a sum reasonably necessary to compensate them for all losses and damages they sustained as a result of the above-referenced fire."[5]

After considering a jointly submitted, proposed order and conducting a pretrial conference, the Court entered its Final Pretrial Order. It itemizes the alleged damages to real property and loss of personal property.[6] Defendants did not assert damages for loss of use at the final pretrial conference. They informally proposed to add that damage claim during a review period preliminary to entry of the final pretrial order. Plaintiff objected to the proposed addition. And the Court declined at that point to include it. It entered the final pretrial order, consistent with the matters addressed at the pretrial conference. On the following day Defendants filed the instant motion to amend the pretrial order. Plaintiff opposes it. The motion is fully briefed and ready for ruling.

## II. Analysis

Defendants contend their failure at the final pretrial conference to include their claim for loss was merely an oversight. They point to broad language in their counterclaim to show they seek compensation for all losses resulting from the fire. Plaintiff argues that Defendants have not shown that a denial of the motion will result in manifest injustice.

The Court may modify a final pretrial order "only to prevent manifest injustice."[7] The party

---

[4] Answer & Counterclaim (ECF No. 5) ¶ 22.

[5] *Id.* at 5.

[6] Pretrial Order ¶ 10(b).

[7] Fed. R. Civ. P. 16(e); *accord* D. Kan. Rule 16.2(c) (recognizing that the final pretrial order "controls the subsequent course of the action unless modified by (1) consent of the Court and all parties or (2) a court-order to prevent manifest injustice).

moving to modify the pretrial order bears the burden of demonstrating the applicability of manifest injustice.[8] Courts look at four factors to determine whether to amend or modify a pretrial order: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[9]

The Court finds that the application of each of these four criteria favors allowing the proposed amendment. Nothing before the Court shows bad faith by movants. Modifying the pretrial order would not interfere with an orderly and efficient trial, because the added claim for loss-of-use damages will not add significantly to the time required for trial. Trial remains two months away.

The Court is not convinced, moreover, that the late addition of this limited claim for loss of use creates any prejudice of consequence to Plaintiff. It does not affect the dominant issues in this case, which more importantly address the question of whether or not the insurance affords coverage for any of the claimed losses. Whatever prejudice Plaintiff may suffer by the proposed amendment can be readily cured by requiring prompt service of any additional disclosures and a brief re-opening of discovery for the sole purpose of addressing the proposed damages for loss of use.

For the foregoing reasons, the Court grants the Motion to Amend Pretrial Order (ECF No. 38) filed by Defendants. The Pretrial Order (ECF No. 37) is hereby amended to include the following damage claim for Defendants in paragraph 10(b): "Loss of use - Additional Living Expense/Fair Rental Value - $875.00 per month from November 6, 2009 through the date the claim is paid. ($21,875.00 through December 6, 2011)." No later than March 16, 2012, Defendants shall serve

---

[8] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

[9] *Id.*

Plaintiff with relevant disclosures for their claim for loss of use, as required by Fed. R. Civ. P. 26(a)(1)(A)(iii).  The Court also grants Plaintiff until April 30, 2012, to complete any further discovery solely on the added issue of loss of use.  The Court directs Defendants to co-operate with Plaintiff to facilitate and complete such additional discovery, which may include convening or reconvening deposition(s) of either or both Defendants solely for discovery on this issue.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 5th day of March, 2012.**


            **s/Gerald L. Rushfelt**
            **Gerald L. Rushfelt**
            **U.S. Magistrate Judge**